UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERMES HEALTH ALLIANCE, LLC                    CIVIL ACTION

VERSUS                                         NO: 20-1654

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, ET AL.                         SECTION: "A" (5)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 87)** filed by Hermes Healthcare Alliance, LLC ("Hermes"). Girod Titling Trust ("Girod") opposes the motion. The motion, submitted for consideration on July 6, 2022, is before the Court on the briefs without oral argument.

This motion is the latest dispute in what should have been a simple matter. This is an interpleader action—or at least it is at present. When the case was removed from state court in June 2020 it was an insurance coverage dispute between Hermes and its insurers for property damage sustained to a building owned by Hermes. The property was subject to a mortgage, which Girod claims to now own, securing a promissory note, which Girod also claims to now own. The insurance coverage dispute was settled for $350,000.00. In light of competing claims to the insurance proceeds, the insurers were granted leave to deposit the settlement funds into the registry of the Court and to convert this matter into an interpleader action among the competing claimants. (Rec. Doc. 12, Order). On April 19, 2022, the Court entered a ruling finding that Willard O. Lape, III, LLC, Hermes's attorney, is entitled to $140,000.00 of the funds for his legal

fee. (Rec. Doc. 79, Order and Reasons). Thus, the case is now a contest between only two remaining parties claiming an interest in the balance of the settlement funds ($210,000.00), Girod and Hermes.

The instant motion to dismiss pertains to a crossclaim that Girod filed against Hermes on the last day for amending pleadings, and shortly after the Court entered summary judgment in favor of Lape on his motion for attorney's fees. (Rec. Doc. 84, Crossclaim). Via the crossclaim Girod seeks a judgment against Hermes for the full amount of the outstanding loan principal, interest, etc. (alleged to total $22,081,575.42 as of 4/25/2022 and continuing to accrue) due on the note and mortgage that burdened the property whose damage resulted in the insurance claim that Hermes settled. Girod claims that Hermes defaulted on its loan obligations back in 2017 and that the note remains unpaid despite written demands.

Hermes moves to dismiss Girod's crossclaim arguing that the claim is not a valid crossclaim in this interpleader action because it does not satisfy the requirements of Rule 13(g) governing crossclaims, and because the Court lacks subject matter jurisdiction over the crossclaim. Hermes argues that Girod's pursuit of a multimillion dollar judgment on the note, when the current issue in this case is ownership of $210,000.00 in insurance proceeds held in the registry, falls outside the purpose and scope of this interpleader action.

Girod argues that its crossclaim is proper because the parties' respective rights to the interpleaded funds hinge upon the validity of the mortgage and note executed by Hermes, and the validity of the assignment to Girod, all of which are at issue in this litigation. Thus, even though the multimillion dollar judgment that Girod seeks via its

crossclaim far exceeds the $210,000.00 balance of funds in the registry, the validity of

the mortgage and note executed by Hermes, and the validity of the assignment to

Girod, must be determined whether the amount being sought is limited to the

$210,000.00 on deposit or the entirety of the amount owed, and those determinations

should only be made once in order to avoid the potential for inconsistent judgments.

Federal Rule of Civil Procedure 13(g), which governs crossclaims, provides that

a pleading may state as crossclaim any claim by one party against a coparty if the

claims "relates to any property that is the subject matter of the original action," or if the

claim "arises out of the transaction or occurrence that is the subject matter of the

original action." Rule 13(g) is merely a procedural device for joining claims in existing

litigation so it does not confer subject matter jurisdiction. *See John Hancock Life Ins.

Co. v. Schmahl*, No. 12-754, 2014 WL 3887182, at *6 (M.D. Fla. 2014) (citing *Amco

Constr. Co. v. Miss. State Bldg. Comm'r*, 602 F.2d 730, 732 (5th Cir. 1979) (pointing out

that the federal rules do not create or withdraw federal jurisdiction). Thus, in the

absence of an independent basis for subject matter jurisdiction over the crossclaim, it

must fall under the Court's supplemental jurisdiction, which is conferred in 28 U.S.C. §

1367. Section 1367(a) provides supplemental jurisdiction over other claims that are "so

related" to claims in the action within the original jurisdiction of the Court that they form

part of the same case or controversy.[1]  Even though Rule 13(g) and § 1367(a) use

---

[1]  Girod has not suggested that there is an independent basis for federal subject matter jurisdiction over the crossclaim. Hermes has characterized the crossclaim as being one between nondiverse parties, and therefore proceeded to brief the issue of supplemental jurisdiction in its motion to dismiss. If the parties were in fact diverse in citizenship then surely Girod would have disabused Hermes of that error in its opposition. Girod did not do so and instead acquiesced in Hermes's contention that the parties are nondiverse (Rec.

different verbiage, a claim that satisfies Rule 13(g)'s "transaction or occurrence" requirement will typically satisfy the elements of supplemental jurisdiction under § 1367. *Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 638 (5th Cir. 1982) (quoting *Amco Constr.*, 602 F.2d at 732-33; *John Hancock Life Ins.*, 2014 WL 3887182, at *7 n.3 (citing *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1539 (11th Cir. 1986)).

The Court is inclined to credit Girod's contentions regarding the factual overlap between its claim in the interpleader and its pursuit of Hermes for the allegedly defaulted note. The Court has never understood Hermes to have conceded Girod's standing as assignee to enforce the note and mortgage against Hermes. Thus, while Girod will have to demonstrate that "the applicable loss payee clause" would entitle Girod to the insurance proceeds in the registry, (Rec. Doc. 92, Reply at 2 n.6), it would seem logical to assume that if Girod does not own the note and mortgage then the applicable loss payee clause would not entitle Girod to the insurance proceeds. Thus, whether pursuing the $210,000.00 held in the registry, or the $22 million dollar judgment sought via the crossclaim, the Court assumes, without deciding, that Girod will have to prove its standing as assignee to enforce the note and mortgage against Hermes. The Court is inclined therefore to agree with Girod's contention that there is factual overlap between Girod's claim in the interpleader and its crossclaim against Hermes even though the scope of the crossclaim is vastly broader than the narrower issues involved in the interpleader.

---

Doc. 89, Opposition at 9), and that subject matter jurisdiction over the cross claim falls under ancillary jurisdiction, (*Id.* at 10). As always, there is a presumption against federal subject matter jurisdiction, and given that Girod filed the crossclaim, it alone bears the burden of overcoming that presumption and establishing subject matter jurisdiction.

The Court declines the parties' invitation, however, to mire itself in the question whether the factual overlap is sufficient to confer subject matter jurisdiction. For the sake of argument, the Court will assume, without deciding, that it is but the inquiry does not end there. Supplemental subject matter jurisdiction is a matter of discretion not of right. *John Hancock Life Ins.*, 2014 WL 3887182, at *8 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The supplemental jurisdiction statute expressly vests discretion in the district court to decline to exercise supplemental jurisdiction over claims when *inter alia* the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1364(c)(2).

It cannot be disputed that Girod's claim to recover on the allegedly past due promissory note—which includes a claim for unpaid principal, non-default interest, default interest, insurance premiums, valuation charges, continuing per diem interest, and attorney's fees and costs—substantially predominates Girod's claim to ownership of the $210,000.00 on deposit and is vastly outside the scope of the interpleader proceeding. If the other potential claimants remained in the case no one would suggest that they should be forced to suffer through the additional disputes that Girod's crossclaim would bring into the case.

Girod's own pleadings allege that the initial default on the note occurred nearly two years before the mortgaged property was even damaged in 2019. This Court previously rejected Hermes's attempt to broaden the litigation by bringing a crossclaim that dealt with matters outside the scope of the interpleader, (Rec. Doc. 63, Order), and if Girod is allowed to substantially broaden this litigation then the purpose of the Court

granting Girod's motion to dismiss Hermes's cross claim will be defeated. Moreover, this case has already been pending over two years and even without Girod's crossclaim the parties alighted upon a 2023 trial date. There is no question that the multitude of factual and legal issues implicit in Girod's crossclaim would disrupt the trial date. Girod's concern with inconsistent judgments is unfounded in light of the preclusive force of issue preclusion, which is part of res judicata.

The Court therefore grants the motion to dismiss.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 87)** filed by Hermes Healthcare Alliance, LLC is **GRANTED**. The crossclaim filed by Girod Titling Trust (Rec. Doc. 84) is dismissed.

July 11, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE