UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERMES HEALTH ALLIANCE, LLC | CIVIL ACTION |
| VERSUS | NO: 20-1654 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 106)** filed by Girod Titling Trust ("Girod"). No party has responded to the motion. The motion, submitted for consideration on December 7, 2022, is before the Court on the briefs without oral argument.

The Court has previously addressed numerous motions in this interpleader action. At this time $350,000.00 in insurance proceeds are being held in the registry of the Court. Earlier this year the Court ruled that $140,000.00 of those funds would be awarded to Willard O. Lape, III for his legal fees. (Rec. Doc. 79, Order and Reasons). The Court declined to release the funds, however, while the interpleader remained pending.

Girod now moves for summary judgment as to the remaining $210,000.00 in the registry arguing that it is entitled to those funds (rather than Hermes Healthcare Alliance, LLC) because Hermes assigned to its mortgagee (now Girod) the right to receive all insurance proceeds for damage to the mortgaged and insured property.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date of the motion. No memoranda in opposition to the motion for summary judgment has been submitted.

Accordingly, this motion is deemed to be unopposed, and further it appears to have merit. The Court therefore grants summary judgment in Girod's favor as to the remaining $210,000.00 held in the registry of the Court.

The Court declines, however, to order the Clerk to disburse the funds while the interpleader remains pending.

Of course, as the Court recalls, it denied the parties' attempts to bring other issues into this case outside of the interpleader itself. Thus the only issue before the Court was who was entitled to the insurance proceeds held in the registry. With Girod's motion for summary judgment being granted as to $210,000.00 of the funds, and the Court's prior ruling granting Lape's motion for summary judgment as to $140,000.00 of the funds, the Court is inclined to believe that this matter is at an end and that a final judgment should be entered in favor of Lape and Girod and against Hermes as to the interpleader claims, dismissing this matter with prejudice. Following the delay provided by Rule 62(a), Lape and Girod may then move to have their funds disbursed by the Clerk.[1]

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 106)** filed by Girod Titling Trust is **GRANTED** as explained above.

December 8, 2022

*(signature)*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court intends to enter a final judgment concluding this matter. If the Court's assessment of this matter is not correct then counsel must immediately notify the Court in writing.